Daniel DeNardo
P.O. Box 100682
Anchorage, Alaska 99510

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 16  AM 11: 03
  PO

IN THE FEDERAL DISTRICT COURT OF ALASKA

Daniel DeNardo

    Plaintiff,

    vs.

Municipality of Anchorage,
Chirley Winborg,
Gil Davis,

    Defendants.

Case No. A04–0269 CV(RRB)

<u>Rule 60 Motion Upon Affidavit To Convert</u>
<u>Dismissal with Prejudice Into Dismissal Without Prejudice:</u>
<u>Or In the Alternative Remand to State Jurisdiction</u>

Facts

Plaintiff and Mr. Owens agreed to file a stipulation dismissing the action without prejudice. DeNardo inadvertently signed the stipulation without paying strict attention to the wording. Upon realizing his mistake, DeNardo called Mr. Owens twice on the evening of 6 December 2007 to request an agreement to file a substitute stipulation "without" prejudice.

Mr. Owens called back and left a message 6 December 2005 evening <u>agreeing</u> to submit a revised stipulation on 8



1

December 2005. He stated he did not have "any heartburn" doing it, that the stipulation was clear as typed, and that he just wanted to be done with the case.

Plaintiff has a copy of the telephone message left by Mr. Owens. Mr. Owens did in fact agree to modify the dismissal.

ON 7 December 2005 Mr. Owens again left a message this time stating he was not agreeable to amending the stipulation. The agreement is a modification of a contract under AS 9.25.010, Statute of Frauds. Since a stipulation is a contract, plaintiff files this motion for a revised stipulation to reflect the parties' original agreement.

## Complaint Facts

DeNardo's complaint states a strictly state cause of action for an arrest under a municipal ordinance. The criminal complaint was dismissed for failure to state a crime. The Alaska Constitution is the only law relied on for a redress of grievances.

DeNardo also pleads a claim against the Municipality based on respondeat superior, a claim not recognized in federal courts under federal civil rights equity.

## I. Regardless of the Stipulation Parties Cannot Grant A Court Jurisdiction When There Is None

Removal statutes are strictly construed. *Sacramento Metropolitan Air Quality Mgt. v. U.S.*, 215 F.3d 1005, 1010–1014

2

(9th Cir. 2000). Because removal ousts a state court of jurisdiction, removal raises federalism concerns that namdate strict construction. Id.

### A. Strong Presumption Against Removal

Because courts must rigorously enforce Congress's intent to restrict federal jurisdiction, all doubts are resolved in favor of remand. A strong presumption exists against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564 , 566 (9th Cir. 1992).

### II. District Court Must Have Original Jurisdiction

An action filed in state court may not be removed unless the federal district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). The federal court must have original jurisdiction under the meaning of Article III to establish original jurisdiction to allow removal. *Lee v. American Nat'l Ins. Co.*, 260 F.3d 997, 1002–1005 (9th Cir. 2001), cert. denied, 535 U.S. 928 (2002).

### III. Only Cases With a Federal Question Appearing On the Face of the Complaint Are Removable

The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides tht federal jurisdiction exists only if a federal question is <u>affirmatively and distinctly</u> presented on the face of the plaintiff's complaint. The rule makes the plaintiff the master of

3

the complaint; he may avoid federal jurisdiction by forgoing a potential federal claim and relying exclusively on state law. *Caterpilar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Westinghouse Elec. Corp. v. Newman & Holtzinger*, 992 F.2d 932, 934, 937 (9th Cir. 1993).

There is only a Alaska State Constitution claim in plaintiff's complaint.

### IV. Case Not Removable Based On Federal Defense

There is no federal defense on a complaint brought under the State constitution for an arrest under a municipal ordinance. A case may not be removed to a federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question at issue. *Caterpillar v. Williams* and *Westinghouse v. Newman*, supra.

There is no federal defense anticipated in the complaint and neither does the answer contain any federal defense.

There has to be complete statutory preemption for the well-pleaded complaint rule not to apply. *Stikes v. Chevron*, 914 U.S. 1265, 1267 (9th Cir. 1990), cert. denied, 500 U.S. 916 (1991).

### V. No Removal Based on Federal Question Counterclaim

There is no removal even if the defendant pleads a federal question counterclaim. *Karambelas v. Hughes Aircraft Co.*, 992 F.2d 971, 974–975 (9th Cir. 1993). None is pleaded in this case.

### VI. Plaintiff Not Required to Assert Federal Claim

The plaintiff is master of his complaint and is not required to assert federal claims, even if they exist. *Karambelas v. Hughes Aircraft Co.*, 992 F.2d at 975.

### VII. Court's Acts Without Jurisdiction Void

An in personam judgment entered by a court without jurisdiction is void. *Hansberry v. Lee*, 311 U.S. 32, 40–41 1940); 21 C.J.S. *Courts* § 91, Proceedings and Acts Without Jurisdiction Void.

### VIII. The Court Can Wisely Use Its Judicial Resources By Amending the Stipulation to Without Prejudice

DeNardo requests amendment of the stipulation to reflect the original intent of the parties. Mr. Owens' affidavit ¶ 4 states that he took the "liberty" of making the stipulation with prejudice. He intended the defendants to have an unintended benefit not discussed by the parties. The agreement was **without** prejudice; the opposite of the license taken by defendants.

Mr. Owens agreed to amend the stipulation by making an oral agreement to accept DeNardo's demand for a modification to be perfected within two days thereby falling within the Statute of Frauds. Owens' change of mind does not nullify the oral agreement. By amendment, both parties receive the agreed upon bargain and consideration.

Conclusion: Defendants fraudulently removed the case to the federalist jurisdiction violating all of the federalist removal statutes and controlling case law. DeNardo tried to right the ship by stipulating to dismissal without prejudice to reduce the multiplicity of litigation. DeNardo does not accuse Mr. Owens of deception. Owens took advantage of the situation to his own benefit. Owens does not dispute the parties' original agreement to dismissal without prejudice.

The better equitable course is to place the parties in the position originally agreed upon to end the litigation. A denial of this motion necessitates an appeal at public expense challenging the court's jurisdiction and review of the denial of this motion. This conflicts with Owens' desire to end the litigation as the modus operandi for the stipulation.

The court should order an amended stipulation under its equitable jurisdiction or in the alternative remand the case. Dated 16 December 2995.

Signed under penalties of perjury based on personal knowledge as true and correct to include incorporation of the tape

6

recording of Mr. Owens' acceptance of the stipulation modification.

### Service

DeNardo served Mr. Owens by hand at 632 W.6th, Anchorage 12/16/05.

*Daniel DeNardo* (signature)

Daniel DeNardo