FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 27 PM 3: 11

Robert P. Owens
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
(907) 343-4545
owensrp@muni.org

Attorney for Defendants
Municipality of Anchorage
APD Badge #1503, Shirley Winborg
APD Badge # 1075, Gil Davis

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL DENARDO | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| MUNICIPALITY OF ANCHORAGE, | ) |
| APD Badge #1503, SHIRLEY WINBORG, and | ) |
| APD Badge #1075, GIL DAVIS, | ) |
| | ) |
| Defendants. | ) |

U. S. District Court Case No. A04-0269 CI (RRB)

### DEFENDANTS' OPPOSITION TO RULE 60 MOTION TO CONVERT TO DISMISSAL WITHOUT PREJUDICE OR REMAND

The Municipality of Anchorage, APD Officer Winborg, and APD Officer Davis, the "Municipal Defendants" hereby submit their Opposition to Plaintiff's Rule 60 Motion Upon Affidavit to Convert Dismissal with Prejudice Into Dismissal Without Prejudice: Or in the Alternative Remand to State Jurisdiction."

MUNICIPALITY OF ANCHORAGE
OFFICE OF THE MUNICIPAL ATTORNEY
P.O. Box 196650
Anchorage, Alaska 99519-6650
Telephone: 343-4545
Facsimile: 343-4550

The facts are substantially the same as recited in Defendants' Opposition to Withdrawal of Stipulation, filed on or about December 14, 2005. This action was originally filed in State Court in October 2004. It was removed to this Court on November 4, 2004 because the Complaint originally alleged violations of the First, Fourth and Fourteenth Amendments to the United States Constitution, giving this Court original jurisdiction pursuant to 28 U.S.C. Sec. 1331. The factual basis for these contentions commenced when Plaintiff refused to identify himself to Federal Protection Service Officers guarding the entrance to the United States District Court in Anchorage. He then refused to obey the federal officers and leave the premises, whereupon the federal officers requested assistance from the Anchorage Police Department. Plaintiff was arrested and cited for trespass at the behest of the Federal Protection Service officers.

Plaintiff has previously sought remand to state court in November 2004. In its order denying the motion for remand, this Court noted: "this case stems from Plaintiff's challenge 'to the requirement that persons seeking to enter federal court houses produce valid documents identifying themselves which is a federal requirement, enforced by federal officers, on federal property.' Because '[a] state court cannot fully adjudicate this claim or give [Plaintiff] meaningful relief should he be successful'; and because 'the United States cannot be made a party in a state civil action,' Plaintiff's Motion to Remand (Docket No. 7) is hereby DENIED."

Plaintiff has filed a writ of mandamus with the Ninth Circuit Court of Appeals seeking remand and has now filed a second motion to remand with this Court.

Plaintiff twice spoke with counsel for the Municipal Defendants about a stipulation to dismiss these proceedings. The first was during the week of November 28 and the second was on December 6, 2005. Plaintiff correctly notes that he visited the Municipal Attorney's office to sign the stipulation and later called the undersigned about

**MUNICIPALITY OF ANCHORAGE**

OFFICE OF THE MUNICIPAL ATTORNEY

P.O. Box 196650
Anchorage, Alaska
99519-6650

Telephone: 343-4545
Facsimile: 343-4550

Opposition to Rule 60 Motion
DeNardo v. MOA, *et. al.*, Case No. A04-269 CI
Page 2 of 4

withdrawing the document. *See*, Declaration of Robert P. Owens, paragraphs 3, 4 & 5. However, the subject of dismissal "with prejudice" or "without prejudice" never came up in either conversation so there was no agreement that the stipulation would be "without prejudice" *Id.* In the absence of discussion of the subject, the undersigned elected to prepare the stipulation "with prejudice," and plaintiff signed it that way. *Id.*

## II. ARGUMENT

Plaintiff's newest motion raises no new legal issues pertaining to setting aside the stipulation, which is effectively an order of dismissal. The stipulation was entered into in good faith. There was no subterfuge; no superior knowledge; no bargaining inequity and no agreement that the stipulation would be "without" prejudice. Plaintiff had ample opportunity to review the stipulation before he signed it and he is an experienced litigator who fully understands the difference between "with" and "without" prejudice. The stipulation is valid, these proceedings have been dismissed and the case should remain closed.

There is no basis for "converting" the dismissal into a dismissal without prejudice. The dismissal was premised on a stipulation. Both parties indicated their agreement with the original stipulation but defendants do not agree to stipulation without prejudice. The terms of a contract cannot be reformed to reflect the intent of the parties unless there is clear evidence of that intent. *North Star Alaska v. U.S.*, 14 F. 3d 36, 37 (Ninth Cir. 1994).

The balance of Plaintiff's arguments pertain to justification for remand. Plaintiff asserts no fewer than six discreet arguments addressing removal, but none of the contentions address the circumstances of this case. When the case was originally remanded Plaintiff's complaint alleged: "Defendants violated DeNardo's rights under the

MUNICIPALITY
OF
ANCHORAGE

OFFICE OF THE
MUNICIPAL ATTORNEY

P.O. Box 196650
Anchorage, Alaska
99519-6650

Telephone: 343-4545
Facsimile: 343-4550

Opposition to Rule 60 Motion
DeNardo v. MOA, *et. al.*, Case No. A04-269 CI
Page 3 of 4

first, fourth and fourteenth amendments of the U.S. Constitution." *See,* Complaint, Section III, paragraph 5. Removal was proper.

Should the motion to withdraw the stipulation for dismissal be granted, this Court should retain jurisdiction. The amended complaint still seeks relief directed to enforcement of the rules governing entry onto federal facilities in that it seeks "injunctive and equitable relief prohibiting defendants from arresting him in the exercise of his rights of access to the federal court." *See,* Complaint, p. 3, paragraph 4.

### III. CONCLUSION

On the basis of the foregoing, defendants respectfully request that Plaintiff's motion to convert the dismissal into a dismissal without prejudice be denied. Alternatively, if the dismissal with prejudice previously entered in these proceedings is set aside, defendants request that this court retain jurisdiction.

Respectfully submitted this 27th day of December, 2005.

FREDERICK H. BONESS
Municipal Attorney

By: _____
Robert P. Owens
Assistant Municipal Attorney
Alaska Bar No. 8406043

I hereby certify that I caused to be mailed
a true and correct copy of this foregoing
document to D. DeNardo on December 27th 2005.

_____

MUNICIPALITY OF ANCHORAGE
OFFICE OF THE MUNICIPAL ATTORNEY
P.O. Box 196650
Anchorage, Alaska
99519-6650
Telephone: 343-4545
Facsimile: 343-4550

Opposition to Rule 60 Motion
DeNardo v. MOA, *et. al.*, Case No. A04-269 CI
Page 4 of 4